IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| CHANCE T. KELHAM | ) | |
| | ) | |
| Plaintiff, | ) | No.: |
| | ) | |
| V. | ) | Judge: 2 12 C V 3 1 6 |
| | ) | |
| CSX TRANSPORTATION, INC. | ) | Trial by Jury Demanded |
| | ) | |
| Defendant. | ) | |

-FILED-

AUG 08 2012

ROBERT N TRGOVICH, Clerk
U.S. DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

## COMPLAINT AT LAW

NOW COMES the Plaintiff, CHANCE T. KELHAM, by and through his attorneys, HOEY & FARINA, P.C. and JAMES L. FARINA, and for his Complaint against the Defendant, CSX TRANSPORTATION, INC., states as follows:

1. Jurisdiction of this Court is invoked under the provisions of Title 45 U.S. Code § 56.

2. This action arises under, and the rights and liabilities of the parties to this cause are governed by, the Federal Employers' Liability Act ("FELA") 45 U.S.C. § 51 *et seq.* and similar state statute.

3. On and around January 6, 2012, and at all relevant times, Defendant CSX TRANSPORTATION, INC. ("CSXT") was and is a railroad corporation doing business in the State of Indiana.

4. On and around January 6, 2012, and at all relevant times, the Defendant CSXT was a common carrier by railroad engaged in interstate commerce.

5. On January 6, 2012, and at all relevant times, Plaintiff Chance T. Kelham ("Plaintiff" or "Kelham") was employed by Defendant CSXT as locomotive engineer.

6. On January 6, 2012, at approximately 12:20pm, Kelham was working as an engineer for CSXT. Plaintiff was operating a moving train, seated in the cab of the locomotive engine. The train was required to stop at a street known as Stalls Road in order to wait for a second train to pass. Kelham stopped the train and conditioned his brakes. He then stood to use the bathroom while the train was still stopped. When he stood up, the train in which Kelham was riding was struck from behind by a third train. The collision caused the engine to lurch forward, and Kelham was thrown down the locomotive steps and into the bulkhead door. As a result, Kelham suffered serious personal injuries.

7. On January 6, 2012 and at all relevant times, CSXT was subject to the FELA and had a duty to provide Kelham with a reasonably safe place to work.

8. In violation of its duty, CSXT negligently and carelessly failed to provide Kelham with a safe place to work by committing one or more of the following negligent acts and/or omissions:

    a. Carelessly and negligently failed to coordinate the work of the crews on its main line;

    b. Carelessly and negligently failed to implement safe communication procedures between crews working on its main line;

    c. Carelessly and negligently failed to ensure that its crew properly operated the colliding train;

    d. Carelessly and negligently failed to control the train that collided with the train in which Kelham was riding;

    e. Carelessly and negligently failed to control and/or properly communicate with the crew operating the train that collided with the train in which Kelham was riding;

    f. Carelessly and negligently violated federal regulations concerning the safe movement of trains;

      g.    Carelessly and negligently failed to warn Kelham of an impending collision;

      h.    Carelessly and negligently failed to enforce procedures prohibiting crews from operating trains into a stopped train;

      i.    Carelessly and negligently failed to obey railroad signals;

      i.    Was otherwise careless and negligent.

9. BNSF's failure to provide Kelham with a safe place to work by one or more of the foregoing negligent acts or omissions caused, in whole or in part, Kelham's injury.

10. As a consequence, Kelham incurred injuries which have caused and will continue to cause him great pain, suffering, inconvenience, anguish and disability; as a further result, Plaintiff has been and will be in the future kept from attending to his ordinary affairs and duties and has lost and will lose great gains which he otherwise would have made and acquired; and as a further result, Kelham has incurred medical, hospital and related expenses and is reasonably certain to incur further medical, hospital and related expenses in the future.

11. Plaintiff demands trial by jury.

WHEREFORE, Plaintiff, CHANCE T. KELHAM, demands judgment in his favor and against Defendant CSX TRANSPORTATION, INC., in the sum of $7,000,000.00, plus the costs of this action.

Respectfully submitted,

CHANCE T. KELHAM, Plaintiff

By: _____

James L. Farina, Attorney for Plaintiff
Hoey & Farina
542 South Dearborn Street
Suite 200
Chicago, Illinois 60605
(312) 939-1212
(312) 939-7842 – Facsimile
JFarina@hoeyfarina.com

3