UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANCE T. KELHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:12-cv-316 |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion to Quash Defendant's Second "Notice to Take Deposition of Isa S. Canavati M.D. Facs" [DE 38] filed by the plaintiff, Chance T. Kelham, on January 19, 2015. For the following reasons, the motion is **DENIED**.

*Background*

On August 8, 2012, the plaintiff, Chance T. Kelham, initiated this matter against the defendant, CSX Transportation, Inc. On July 19, 2013, this court set a discovery deadline of May 30, 2014, Kelham's expert witness disclosures and reports deadline as February 28, 2014, and CSX's expert witness disclosures and reports deadline as April 30, 2014. On May 14, 2014, this court granted CSX's unopposed motion to extend the discovery deadline to August 29, 2014.

On August 13, 2014, the parties deposed Dr. Isa S. Canavati, one of Kelham's treating physicians. Initially, CSX noticed the deposition, but Kelham cross noticed the deposition because he intended to videotape the deposition and play it at trial in lieu of calling Dr. Canavati as a witness. When scheduling Dr. Canavati's deposition, the parties agreed to hold a two hour break after Kelham's questioning to allow CSX to prepare a cross examination, provided the entire deposition could be completed the same day. However, Dr. Canavati was only available

for one hour, which CSX claimed did not allow enough time to preserve its cross examination for trial. Therefore, it proposed that the parties reconvene the deposition at a later date to preserve CSX's cross examination testimony. CSX alleged that Kelham did not respond to that proposal or otherwise object.

Kelham's attorney arrived forty-five minutes late to Dr. Canavati's deposition due to a flat tire. Additionally, CSX indicated that Kelham's attorney privately conferred with Dr. Canavati prior to the deposition, which further limited their time. At the conclusion of the deposition, following Kelham's questioning, CSX moved to reconvene the deposition at a later date to preserve Dr. Canavati's cross examination. Kelham objected to holding a second part of the deposition and indicated that the deposition should continue if Dr. Canavati was willing to proceed. The parties disagreed on how to conclude the deposition, and CSX ended the deposition and indicated that it would raise the issue of completing the deposition on a later date with the court.

On August 29, 2014, the second discovery deadline, CSX requested the court to extend the discovery deadline to November 15, 2014. Within the August 29, 2014 motion, CSX stated that the parties could not complete Dr. Canavati's deposition and that it was scheduling another date with Dr. Canavati's office. On October 8, 2014, this court granted CSX's motion and extended the discovery deadline to November 15, 2014. Within that order, the court noted that CSX did not demonstrate any reason for its delay in taking Dr. Canavati's deposition. Furthermore, the court indicated that discovery should be completed by November 15, 2014 except for Dr. Bernstein's deposition, which the parties agreed would be conducted after the deadline.

On January 8, 2015, after the discovery deadline had concluded, CSX noticed a second deposition for Dr. Canavati that was scheduled for February 11, 2015. Kelham has argued that Dr. Canavati's second deposition violated this court's discovery deadline and Federal Rule of Civil Procedure 30(a)(2)(A)(ii) and moved to quash the deposition.

*Discussion*

Under **Federal Rule of Civil Procedure 16(b)**, the court is required to issue a scheduling order setting forth the deadlines for the parties to complete discovery and file motions. "A schedule may be modified only for good cause and with the judge's consent." **Rule 16(b)(4)**. Good cause is shown when despite a party's diligence, the deadlines could not reasonably have been met. *See **Link v. Taylor***, 2009 WL 281054, at *2 (N.D. Ind. Feb. 2, 2009).

During the discovery period set forth by the court's scheduling order, the parties may obtain discovery of anything that may lead to relevant evidence through a variety of tools. **Federal Rule of Civil Procedure 26(b)(1)**. As one tool of discovery, **Federal Rule of Civil Procedure 32(a)(4)(c)** permits parties to take depositions of anyone whose testimony may lead to relevant, admissible evidence. Because discovery is conducted for the purpose of gathering new information, some courts have drawn a distinction between depositions taken during the course of discovery with the goal of ascertaining new information, and trial depositions taken to preserve information that the party already has knowledge of, but would be otherwise unavailable. ***Spangler v. Sears, Roebuck and Co.***, 138 F.R.D. 122, 124–25 (S.D. Ind. 1991); ***Charles v. Wade***, 665 F.2d 661, 665 (5th Cir. 1982). The courts that have recognized the practice of taking trial depositions have found them to be outside the scope of discovery and not bound by the court's scheduling order because they differ from discovery depositions. ***Spangler***,

138 F.R.D. at 125 ("[T]his court expected that the parties would not be guided merely by the express terms of this court's order"); *Charles*, 665 F.2d at 665.

When a party opposes a trial deposition scheduled for after the close of discovery, the court must assess whether the deposition is being taken for the purpose of preserving testimony or whether this is a pre-text for the party's failure to diligently procure the deposition during the discovery period. *Charles*, 665 F.2d at 665. The court considers a variety of factors in making this determination, including the unavailability of the witness for trial, the potential for prejudice to the opposing party, and whether the deposing party knew the information the potential witness would testify to prior to the deposition. *Charles*, 665 F.2d at 664–65. The court places special emphasis on the potential for prejudice because the witness's unavailability may not be known until shortly before trial and, given the nature of depositions, both parties are likely to learn new information. *Spangler*, 138 F.R.D. at 124. If the court permits a trial deposition to be taken, and it is later revealed that the party who requested the deposition took it solely for discovery purposes, sanctions may be issued against that party for violating the court's scheduling order. *Spangler*, 138 F.R.D. at 124. The court's determination is subject to an abuse of discretion review. *Charles*, 665 F.2d at 667.

However, other courts have rejected the distinction between a trial deposition and a discovery deposition. *See* ***Anderson v. Procter & Gamble Paper Prods. Co.***, 2013 WL 5651802, at *2 (E.D. Wis. Oct. 15, 2013); ***BondPro Corp. v. Siemens Westinghouse Power Corp.***, 2005 WL 256488, at *1 (W.D. Wis. Jan. 31, 2005). The *Anderson* court explained that there was nothing to stop the party from conducting the deposition during the discovery period and that recognizing trial depositions would create a burdensome analysis. "When the scheduling order governing an action already provides concrete deadlines for discovery, including depositions,

there would seem to be little upside to engaging in an analysis merely to allow 'trial depositions' that could have occurred within the confines of the discovery schedule." *Anderson*, 2013 WL 5651802, at *2. The *Anderson* court further noted that Rule 16 was amended to create a comprehensive framework for setting deadlines and preventing the last-minute trial depositions. *Anderson*, 2013 WL 5651802, at *3.

Under Rule 16's comprehensive scheme, it is not clear that a "trial deposition" is contemplated by the Federal Rules. Assuming that trial depositions no longer are recognized, Rule 16 allows the court to amend the discovery deadlines only upon a showing of good cause. Kelham has argued that CSX's notice of a second deposition for Dr. Canavati violated this court's discovery deadline ordered on November 15, 2014 and **Federal Rule of Civil Procedure 30(a)(2)(A)(ii)**, which requires a party to obtain leave of court before deposing a witness a second time. CSX has argued that Kelham will not be prejudiced by allowing CSX to preserve Dr. Canavati's trial testimony and that courts have recognized the need to preserve trial testimony for an unavailable witness.

Dr. Canavati qualifies as an unavailable witness because he lives more than 100 miles from the place of the trial. **Federal Rule of Civil Procedure 32(a)(4)(B)**. Additionally, the court finds that CSX noticed a second deposition for Dr. Canavati to preserve his trial testimony and not to procure additional discovery information. CSX argued that courts within the Seventh Circuit have recognized trial depositions and therefore, this court should allow them a second deposition for Dr. Canavati to preserve his trial testimony. *See, e.g.*, ***Gabriel v. Hamlin***, 514 F.3d 734, 738 (7th Cir. 2008) (indicating that the plaintiff could have utilized a trial deposition to preserve the witness's testimony but not addressing whether parties may conduct a trial deposition after the discovery deadline); ***Estate of Gee ex rel. Beeman v. Bloomington Hosp. &***

*Health Care Sys., Inc.*, 2012 WL 729269, at *6 (S.D. Ind. Mar. 6, 2012) (finding that parties may memorialize a witness's testimony after discovery has closed through a trial deposition).

When this court previously addressed this issue, it discussed the distinction between discovery and trial depositions, but it did not explicitly recognize trial depositions as an available tool. *See* **Stuhlmacher v. Home Depot U.S.A., Inc.**, 2014 WL 835382, at *4 (N.D. Ind. Mar. 4, 2014) ("Even if the court were to recognize trial depositions as distinct from discovery, the plaintiffs' request to take a deposition of a Tricam representative is outside the scope of what is contemplated to be a trial deposition."); **Bamcor LLC v. Jupiter Aluminum Corp.**, 2010 WL 4955545, at *2 (N.D. Ind. Nov. 29, 2010) (evaluating whether Bamcor had good cause to conduct a deposition after discovery had closed when the scheduling order did not contemplate trial depositions). Similar to **Bamcor**, the discovery schedule in this case did not contemplate trial depositions. On October 8, 2014, this court extended the discovery deadline to November 15, 2014 so CSX could conduct its remaining depositions.

This court does not find that trial depositions are precluded in all cases but finds that trial depositions are not available in this matter absent good cause because the discovery schedule did not contemplate trial depositions. *See* **Bamcor**, 2010 WL 4955545 at *2 ("The court's scheduling order did not contemplate trial depositions and should not be amended to allow trial depositions absent a showing of good cause."). Therefore, CSX must demonstrate good cause to conduct a deposition after the discovery deadline. CSX has argued that the inherent fairness of the discovery rules dictates that it should have the opportunity to depose Dr. Canavati and that Kelham would not suffer any unfair prejudice if Dr. Canavati is deposed. Additionally, it has argued that Kelham's late arrival to Dr. Canavati's initial deposition prevented them from preserving his cross examination testimony for trial.

6

As discussed above, Dr. Canavati qualifies as an unavailable witness, and the second deposition was noticed to preserve his testimony for trial. CSX demonstrated that the parties could not complete Dr. Canavati's initial deposition due to Kelham's attorney's late arrival and Dr. Canavati's limited schedule. Although the parties dispute when they were to complete Dr. Canavati's deposition, they had agreed to preserve his testimony for trial. No trial dates have been set so Kelham will not be prejudiced by completing Dr. Canavati's deposition. Additionally, this court's October 8, 2014 order extending the discovery deadline to allow CSX to complete its remaining depositions did not address or preclude trial depositions. Furthermore, the order indicated that the parties had conducted part of Dr. Canavati's deposition but was not clear whether the remaining part, his trial deposition, needed to be completed by the new deadline. Therefore, the court finds good cause to complete Dr. Canavati's deposition.

Kelham also argued that CSX violated **Federal Rule of Civil Procedure 30(a)(2)(A)(ii)** by failing to obtain leave of court to conduct a second deposition of Dr. Canavati. Under **Rule 30(a)(2)(A)(ii)**, a party must obtain leave of court, and the court must grant leave of court consistent with Rule 26(b)(2) to depose any person that has already been deposed. Additionally, Kelham argued that CSX could not meet its burden for leave to conduct a second deposition because a second deposition of Dr. Canavati would be unreasonably cumulative or duplicative and that CSX had an ample opportunity to obtain his testimony. Although CSX did not specifically request leave to conduct a second deposition of Dr. Canavati, on October 8, 2014, this court granted CSX's motion to extend the discovery deadline to allow it to conduct additional depositions. That order indicated that the parties had completed part of Dr. Canavati's deposition and granted CSX the opportunity to complete its remaining depositions. Therefore,

7

this court had granted leave to complete Dr. Canavati's deposition within its October 8, 2014 order.

Based on the foregoing reasons, the Motion to Quash Defendant's Second "Notice to Take Deposition of Isa S. Canavati M.D. Facs" [DE 38] is **DENIED**.

ENTERED this 25th day of March, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge