UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CHANCE T. KELHAM, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 2:12-cv-316 |
| | ) |
| CSX TRANSPORTATION, INC., | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion in Limine No. 1: To Bar Any Reference to Prior Symptoms [DE 60], Motion in Limine No. 2: To Bar Reference to Other Employees' Injuries [DE 61], Motion to Limine No. 3: To Bar Andreas Lohmar's Testimony [DE 62], Motion to Limine No. 4: To Bar Expert Testimony from Scott Marshall [DE 63], and Motion in Limine No. 5: To Bar Reference to Marijuana Use [DE 64] filed by the plaintiff, Chance Kelham, on June 26, 2015. For the following reasons, the Motion in Limine No. 1: To Bar Any Reference to Prior Symptoms [DE 60] is **DENIED**, the Motion in Limine No. 2: To Bar Reference to Other Employees' Injuries [DE 61] is **GRANTED**, the Motion to Limine No. 3: To Bar Andreas Lohmar's Testimony [DE 62] is **GRANTED IN PART and DENIED IN PART**, the Motion to Limine No. 4: To Bar Expert Testimony from Scott Marshall [DE 63] is **DENIED**, and the Motion in Limine No. 5: To Bar Reference to Marijuana Use [DE 64] is **GRANTED CONDITIONALLY**.

*Background*

This case arose from a locomotive accident that occurred on January 6, 2012. The plaintiff, Chance Kelham, has alleged that he suffered injuries as a result of the accident. He has

claimed that he was stepping down three stairs into the main portion of the locomotive cab when the locomotive unexpectedly moved forward, which caused him to fall down the stairs. A second train collided with the rear of Kelham's train and caused the jolt. The defendant, CSX Transportation, Inc., has stipulated that it was negligent, and Kelham won a partial motion for summary judgment on comparative negligence. Therefore, the remaining issues for trial are causation and damages.

*Discussion*

First, Kelham has requested the court to bar any evidence, argument, interrogation, or reference to any back symptoms or treatment he received before the accident on January 6, 2012. On the day of the accident, Kelham had Grade I spondylolisthesis, which is the least severe grade. At that time, his spondylolisthesis was not symptomatic but it made him more susceptible to spinal traumatic injuries. The medical records demonstrated that Kelham complained of back pain starting in July 2007 and through August 2011. Kelham has argued that the accident aggravated his back injury, and CSX has argued that any damages should be diminished proportionately with his pre-existing condition.

Under the FELA, courts have held that a plaintiff's damages may be reduced to the extent that his current injuries were the result of a pre-existing condition as opposed to the railroad's negligence. **Edsall v. CSX Transp., Inc.**, 2008 WL 244344, at *2 (N.D. Ind. Jan. 28, 2008) (citing **Varhol v. Nat'l R.R. Passenger Corp.**, 909 F.2d 1557, 1565 (7th Cir. 1990); *see* **Richardson v. Mo. Pac. R.R. Co.**, 186 F.3d 1273, 1278 (10th Cir. 1999) ("Plaintiff is entitled to recover damages for any aggravation of the pre-existing condition, but those damages are limited to the additional increment caused by the aggravation."); **Stevens v. Bangor & Aroostook R.R. Co.**, 97 F.3d 594, 601 (1st Cir. 1996) ("It is true that as a general matter, when a defendant's

negligence aggravates a plaintiff's preexisting health condition, the defendant is liable only for the additional increment caused by the negligence and not for the pain and impairment that the plaintiff would have suffered even if the accident had never occurred."). However, the railroad is liable for the entire injury when there is no reasonable basis for apportionment. *Stevens*, 97 F.3d at 602. Additionally, the railroad has the burden of proof to show that apportionment is possible. *Stevens*, 97 F.3d at 603.

Kelham has argued that apportionment is not possible because there is no reasonable division between his pre-existing condition and the aggravation. Furthermore, he has claimed that CSX lacks the necessary expert testimony to demonstrate an appropriate apportionment. Although Kelham has argued that expert testimony is required for apportionment, his cited authority does not deal with apportionment between pre-existing conditions and post-accident injuries. *See* **Meyers v. Ill. Cent. R.R. Co.**, 629 F.3d 639, 642–43 (7th Cir. 2010) (stating that expert testimony was necessary to determine what caused the plaintiff's specific injuries that cumulated over years of railroad work); **Ueland v. United States**, 291 F.3d 993, 998 (7th Cir. 2002) (finding the experts' testimony about the plaintiff's pre-existing condition unreliable because it was not based on sufficient facts). Rather, a court within this district, relying on Tenth Circuit precedent, concluded that expert testimony was not necessary for apportionment. *Edsall*, 2008 WL 244344 at *3 (citing **Sauer v. Burlington N. R.R. Co.**, 106 F.3d 1490, 1494 (10th Cir. 1997).

The Tenth Circuit held that expert testimony was not necessary to apportion current injuries from a pre-existing condition because apportionment did not need to be proved with mathematical precision or great exactitude. *Sauer*, 106 F.3d at 1494. Rather, the evidence must be sufficient for a rough practical apportionment, which, although difficult, juries may decide.

*Sauer*, 106 F.3d at 1494.  In denying a similar motion *in limine* to Kelham's and relying on

*Sauer*, Magistrate Judge Roger Cosbey concluded that

> considering that [the plaintiff] contends that the incident at issue aggravated pre-existing back and neck problems and given that his medical records clearly suggest a long history of preexisting back and neck conditions, a sufficient causal connection between the pre-existing conditions or treatment and [the plaintiff's] post-incident condition exists . . . at least, when viewing the record as a whole . . . to such a degree that the jury may infer such a connection.

*Edsall*, 2008 WL 244344 at *3.

Similar to *Edsall*, Kelham has alleged that the accident aggravated a pre-existing back condition, and the medical records have supported a history of back pain during the four years preceding the accident.  Specifically, Kelham reported back pain beginning in July 2007, he received treatment for back pain throughout 2009 and 2010, and reported chronic back pain in August 2011.  Furthermore, CSX has indicated that it has at least seven witnesses who will testify about Kelham's pre-existing condition and the supporting medical records.  Therefore, based on the record as a whole, there is a sufficient causal connection between Kelham's pre-existing condition and his post-accident injuries for the jury to infer a connection without expert testimony.

Additionally, Kelham has argued that evidence about his pre-accident symptoms should be excluded under Rule 403.  He has claimed that the evidence about his pre-existing condition would confuse and mislead the jury and would force the jury to speculate how to apportion his damages.  However, apportionment does not need to be proved with great exactitude, and this court has found that there is a sufficient causal connection for the jury to apportion Kelham's damages.  Therefore, the evidence would not confuse or mislead the jury into speculation.  Furthermore, the evidence is highly probative on issues of causation and damages.  The

probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. Therefore, this request is **DENIED**.

Second, Kelham has requested the court to bar any reference to the injuries, or lack thereof, of any of the other employees involved in the accident. He indicated that there were several employees involved in the accident and that conductor Benjamin Knipp lost at trial against CSX under the FELA already. Although Knipp lost his trial, Kelham has argued that it would be irrelevant and unfairly prejudicial to allow reference to Knipp's claim or any claims by other employees. Kelham noted that his claim is unique because of his pre-existing condition and because he was injured while stepping down three stairs. Therefore, he has claimed that any reference to Knipp's trial or the other employees' claims would not make any fact more or less probable in this case. Furthermore, Kelham has argued that the probative value of Knipp's or the other employees' claims would be substantially outweighed by the dangers of unfair prejudice and juror confusion.

CSX has agreed not to reference the specific injuries, or lack thereof, sustained by Knipp or other employees unless Kelham opened the door to such evidence. However, it has argued that it should be able to question Knipp's partiality or disinterestedness based on his claims against CSX. Knipp lost a similar lawsuit arising from the same events against CSX. Additionally, CSX indicated that Knipp has an action pending against it before ALJ Daniel F. Solomon. Therefore, CSX has claimed that Knipp may hold a grudge against it, which may discredit or affect the weight of his testimony.

Parties may explore a witness' partiality at trial because it is always relevant to discrediting a witness and the weight of the witness' testimony. ***United States v. Frankenthal***, 582 F.2d 1102, 1106 (7th Cir. 1978) (citations omitted); *see **United States v. Hernandez***, 84 F.3d

5

931, 934 (7th Cir. 1996) ("Exposing the bias of a witness is within the core values of the Confrontation Clause . . . ."). Therefore, CSX may explore Knipp's partiality by indicating that he has filed two actions against the company. However, explaining that one of Knipp's claims arose from this action or that he lost that claim at trial will not cast further doubt on his partiality than simply indicating that he has two claims against CSX. Rather, any reference that one of Knipp's claims arose from this accident and that he lost at trial would only cause the jury to speculate about the factual differences between his claim and Kelham's. Furthermore, the fact that Knipp lost at trial or the facts behind Knipp's or the other employees' injuries are irrelevant to this case. Therefore, this request is **GRANTED**. CSX may not reference any injuries or claims from other employees involved in the accident, including the outcome of Knipp's trial. However, CSX may indicate that Knipp filed two claims against it as long as it does not reference any facts about the claims, including that one arose from this accident.

Third, Kelham has requested the court to bar Andreas Lohmar's testimony. Kelham has indicated that Lohmar, a professional physical therapist, performed a functional capacity evaluation on August 13, 2013 at the request of Kelham's treating neurosurgeon. Lohmar made judgments about the activities that Kelham could perform during an eight-hour workday throughout his evaluation. On November 13, 2014, CSX videotaped Lohmar's deposition for trial. Kelham has claimed that the deposition included expert opinions and conclusions. However, he noted that CSX failed to disclose Lohmar as an expert pursuant to Federal Rule of Civil Procedure 26(a)(2)(C).

CSX has argued that Lohmar will provide fact rather than expert testimony. "Treating physicians, if disclosed as fact witnesses, may testify only regarding personal observations, examinations, and diagnoses completed during the course of treatment and contained within the

relevant medical records." ***Johnson v. Norfolk S. Ry. Co.***, 2015 WL 3738545, at *3 (N.D. Ind. June 15, 2015) (citing ***Moriconi v. Koester***, 2015 WL 328590, at *1 (C.D. Ill. Jan. 26, 2015) ("The properly disclosed treating physicians may testify as fact witnesses concerning examination, diagnosis, and treatment . . . but may not present expert testimony."). Upon reviewing Lohmar's deposition, the court finds that it includes both fact and expert testimony. CSX may present the portions that include fact testimony such as testimony about Lohmar's qualifications and training, his personal observations about Kelham during the examination, and his descriptions about the examination. However, CSX may not present the portions that include opinion testimony such as Lohmar's conclusions about what Kelham could perform during a workday.

Because CSX did not disclose Lohmar as an expert witness, it is barred from introducing any expert testimony from him, unless its failure to disclose was justified or harmless. **Federal Rule of Civil Procedure 37(c)(1)**; *see **Ciomber v. Coop. Plus, Inc.***, 527 F.3d 635, 641 (7th Cir. 2008). CSX has argued that its failure to disclose Lohmar as an expert was harmless. Courts consider several factors when determining whether a failure to disclose was harmless:

> (1) the prejudice or surprise to the party against whom the evidence is offered; (2) the ability of the party to cure the prejudice; (3) the likelihood of disruption to the trial; and (4) the bad faith or willfulness involved in not disclosing the evidence at an earlier date.

***Tribble v. Evangelides***, 670 F.3d 753, 760 (7th Cir. 2012) (quoting ***David v. Caterpillar, Inc.***, 324 F.3d 851, 857 (7th Cir. 2003)).

CSX has indicated that Lohmar was deposed over seven months ago and that Kelham had Lohmar's report for over a year. Therefore, it has argued that Kelham could not be surprised by his testimony or prejudiced because Kelham cross-examined Lohmar during the deposition. It

7

has claimed that the trial will not be disrupted because Kelham has not requested to re-depose Lohmar. Rather, it has claimed that Kelham lied in wait to exclude Lohmar's testimony.

Although Kelham was aware of Lohmar's deposition and report for over seven months, that also demonstrates that CSX had an opportunity to disclose him as an expert. Lohmar completed his evaluation on August 13, 2013, over eight months before CSX's expert disclosure deadline. Furthermore, CSX disclosed Lohmar as a fact witness on August 22, 2013. Therefore, it chose to have Lohmar present fact as opposed to expert testimony well before the deadline. Although Kelham would not be surprised by Lohmar's testimony, he would be prejudiced if CSX were allowed to convert a fact witness into an expert witness on the eve of trial. However, CSX may cure the prejudice by presenting Lohmar's fact testimony only. Therefore, CSX's failure to disclose Lohmar as an expert witness was not harmless. This request is **GRANTED IN PART and DENIED IN PART**. CSX is prohibited from presenting Lohmar's opinion testimony but may present his factual testimony.

Fourth, Kelham has requested the court to bar expert testimony from Scott Marshall. CSX did not disclose Marshall, Manager-Vocational Rehabilitation for CSX, as an expert witness but has listed him as a fact witness. CSX has indicated that it has no intention of attempting to elicit expert opinions from Marshall. However, Kelham has argued that CSX has called Marshall as a fact witness previously but then attempted to elicit expert testimony. Specifically, Kelham referenced a 2011 trial where CSX asked Marshall whether he was aware of any employees with physical disabilities or limitations that were working as yardmasters and whether he had placed any CSX employees with physical limitations in yardmaster positions. During trial, the plaintiff objected that those questions were attempting to elicit expert testimony from Marshall, a fact witness, and the court sustained the objections.

This court disagrees that the above questions attempted to elicit expert testimony from Marshall. As an employee of CSX who places employees with physical limitations in various positions, Marshall has personal knowledge whether any employees working as a yardmaster have physical disabilities or limitations. Additionally, he has personal knowledge whether he has placed any employees with physical limitations in a yardmaster position. Furthermore, those questions do not elicit expert opinion but factual answers within Marshall's personal knowledge. Therefore, this court will not bar CSX from asking Marshall whether it employs individuals with physical disabilities or limitations or whether he has placed any employees with physical disabilities or limitations in a job. Therefore, this request is **DENIED**. However, CSX is prohibited from eliciting expert opinions from Marshall.

Fifth, Kelham has requested the court to prohibit any reference to his marijuana use. During Kelham's deposition, he admitted that he used marijuana when his grandparents died. He indicated that he was very close to his grandparents and that he helped care for them when they were dying. However, he has claimed that there is no evidence that his marijuana use contributed to his injuries. Therefore, he has argued that reference to his marijuana use would be unfairly prejudicial.

CSX has claimed that Kelham's marijuana use is relevant to whether he mitigated his damages. It noted that Kelham never applied for a job opening at CSX after his surgery in June 2012, despite the fact that CSX could accommodate for his restrictions and his surgeon testified that most people could return to work within eight weeks. Additionally, it indicated that every employee at CSX must submit to random drug tests. Moreover, it claimed that Kelham's marijuana use is more frequent and longstanding than he has claimed, which CSX has indicated it can demonstrate through numerous admissible sources. It has argued that Kelham failed to

return to work because of his marijuana use and therefore, the evidence is relevant and not intended solely to attack Kelham's character.

"The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." **Federal Rules of Evidence 403**. Although CSX has argued that Kelham's marijuana use may be relevant to his failure to mitigate his damages, it has failed to detail that evidence. Admittedly marijuana use may be relevant to the issue of mitigation, but the strength of that evidence cannot be weighed against the obvious prejudicial effect. The court will conditionally grant the motion. CSX may make a detailed offer of proof out of the hearing of the jury if it wants the court to reconsider this matter. Therefore, this request is **GRANTED CONDITIONALLY**.

Based on the foregoing reasons, the Motion in Limine No. 1: To Bar Any Reference to Prior Symptoms [DE 60] is **DENIED**, the Motion in Limine No. 2: To Bar Reference to Other Employees' Injuries [DE 61] is **GRANTED**, the Motion to Limine No. 3: To Bar Andreas Lohmar's Testimony [DE 62] is **GRANTED IN PART and DENIED IN PART**, the Motion to Limine No. 4: To Bar Expert Testimony from Scott Marshall [DE 63] is **DENIED**, and the Motion in Limine No. 5: To Bar Reference to Marijuana Use [DE 64] is **GRANTED CONDITIONALLY**.

ENTERED this 27th day of July, 2015.

/s/ Andrew P. Rodovich
United States Magistrate Judge